# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. SILGUERO, JR., | ) 1:12cv01993 DLB PC |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT<br>) WITH LEAVE TO AMEND |
| vs. | ) **THIRTY-DAY DEADLINE** |
| JOHN DOE, | ) |
| Defendant. | ) |

Plaintiff Robert L. Silguero ("Plaintiff") is incarcerated in the Fresno County Jail. He is proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on December 9, 2012. On June 7, 2013, the Court dismissed the complaint with leave to amend. Plaintiff filed a First Amended Complaint ("FAC") on July 9, 2013. He names the Fresno County Jail Medical Department as the sole Defendant.[1]

**A.   LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 4, 2013.

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently housed at the Fresno County Jail. He alleges that broke his right ring finger while incarcerated, but the Fresno County Medical Department neglected to provide care. This caused Plaintiff extreme pain and many sleepless nights. He also alleges that the lack of care caused his finger to heal improperly.

**C.     ANALYSIS**

   1.     Plaintiff's Status

Plaintiff is incarcerated at the Fresno County Jail, but he does not indicate whether he is a pretrial detainee or a convicted prisoner.

In cases of deliberate indifference to a serious medical need, a pretrial detainee's rights are analyzed under the Due Process Clause Fourteenth Amendment, while a convicted prisoner's rights are analyzed under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535-36 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010). Nonetheless, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

In the prior screening order, Plaintiff was instructed to set forth the nature of his confinement because, although the analysis is the same, it would dictate the amendment under which the analysis would be made. Plaintiff's FAC again fails to provide the Court with this information and the Court is unable to determine whether Plaintiff's medical claim should be analyzed under the Eighth Amendment or Fourteenth Amendment.

   2.     Deliberate Indifference to a Serious Medical Need

To establish a constitutional violation under either the Eighth Amendment (if Plaintiff is a convicted prisoner) or the Fourteenth Amendment (if Plaintiff is a pretrial detainee), Plaintiff

"must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff's FAC contains *less* factual information than his original complaint. When the Court screened Plaintiff's prior complaint, it indicated that his allegations may be sufficient to state a claim, but he had failed to link any Defendant to the actions at issue. In his FAC, Plaintiff simply alleges that he broke his finger, that the Fresno County Jail Medical Department was aware of the seriousness of his injury, and that it nonetheless "neglected care." FAC 3. His allegations are legal conclusions, however, and lack the factual information set forth in his original complaint. Since the FAC supercedes the original complaint, the Court cannot look back to the original complaint to supplement Plaintiff's FAC.

As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Plaintiff therefore fails to state a claim under either the Eighth Amendment or the Fourteenth Amendment.

### 3. Fresno County Jail Medical Department

Plaintiff names the Fresno County Jail Medical Department as the sole Defendant. However, a local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003*);* Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Plaintiff only names the Fresno County Jail Medical Department, but he has failed to allege facts sufficient to support liability under Monell.

### D. **CONCLUSION AND ORDER**

Plaintiff's FAC fails to state a claim under section 1983. The Court will provide Plaintiff with a **final opportunity** to file an amended complaint, if he believes in good faith he can cure the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v.

Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's FAC is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, without prejudice, for failure to state a claim under section 1983.</u>

IT IS SO ORDERED.

Dated:  **February 3, 2014**          /s/ Dennis L. Beck
                                      UNITED STATES MAGISTRATE JUDGE