# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. SILGUERO, JR., ) | 1:12cv01993 DLB PC |
| Plaintiff, ) | ORDER DISMISSING COMPLAINT, WITHOUT LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED |
| vs. ) | |
| FRESNO COUNTY JAIL, ) | |
| Defendant. ) | |

Plaintiff Robert L. Silguero ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on December 9, 2012.

On June 7, 2013, the Court dismissed the complaint with leave to amend. Plaintiff filed a First Amended Complaint ("FAC") on July 9, 2013. On February 4, 2014, the Court dismissed the complaint for failure to state a claim for which relief could be granted. Plaintiff was given a final opportunity to correct the deficiencies identified. He filed his Second Amended Complaint ("SAC") on February 24, 2014. He names the Fresno County Jail Medical Department as the sole Defendant.[1]

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 4, 2013.

A.      **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235

(9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.  **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Wasco State Prison in Wasco, California. The events at issue occurred while Plaintiff was housed at the Fresno County Jail.

Plaintiff alleges that on October 2, 2012, he broke his ring finger on his right hand. He states that he went through all of the proper procedures to receive care, but he was neglected and did not receive proper treatment. Plaintiff alleges that he was forced to live without medication and proper casting, and that he endured pain and suffering. Plaintiff contends that his hand does not function as it did before, and that he continues to be in pain.

C.  **ANALYSIS**

1.  Deliberate Indifference to a Serious Medical Need

To establish a constitutional violation under either the Eighth Amendment (if Plaintiff is a convicted prisoner) or the Fourteenth Amendment (if Plaintiff is a pretrial detainee), Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff's SAC does not contain more facts than his FAC.  When the Court screened his original complaint, it indicated that his allegations may be sufficient to state a claim, but he had failed to link any Defendant to the actions at issue.  In his FAC, Plaintiff simply alleged that he broke his finger, that the Fresno County Jail Medical Department was aware of the seriousness of his injury, and that it nonetheless "neglected care."  FAC 3.  The Court explained that his allegations were too vague to state a claim.

Plaintiff does not provide additional factual information in his SAC.  As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Plaintiff therefore fails to state a claim under either the Eighth Amendment.  Plaintiff was given two opportunities to correct this deficiency, but failed to do so.

2.     Fresno County Jail Medical Department

Plaintiff again names the Fresno County Jail Medical Department as the sole Defendant.  However, a local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability.  Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003)*;* Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002).  Rather, a local government unit may only be held liable if it inflicts the injury complained of.  Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

In the prior screening order, the Court explained this deficiency to Plaintiff. However, he continues to name only the Fresno County Jail Medical Department, and fails to allege facts sufficient to support liability under Monell.

### D.        **CONCLUSION AND ORDER**

For the above reasons, Plaintiff's SAC fails to state a cognizable claim against any Defendant. Plaintiff has had two opportunities to amend, but continues to allege almost the exact same facts. In the prior screening order, the Court notified Plaintiff that this would be his final opportunity to amend. The Court therefore finds that a third opportunity to amend is not warranted, as it does not appear that Plaintiff has sufficient factual information to state a claim. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Based on the foregoing, the Court HEREBY ORDERS that this action be DISMISSED for failure to state a claim for which relief may be granted.

<u>This terminates this action in its entirety.</u>

IT IS SO ORDERED.

Dated:   **July 24, 2014**                                  /s/ *Dennis L. Beck*
                                                            UNITED STATES MAGISTRATE JUDGE